UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

**FILED**
MAR 22 2017



| | |
|---|---|
| CHARNELL S. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>Defendant. | 1:15-CV-01313-CBK<br><br>OPINION AND ORDER |

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claim for disability insurance benefits. I have conducted a *de novo* review of the record. I find that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

An individual is considered to be disabled if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord*, Bernard v. Colvin, 744 F.3d 482, 486 (8th Cir. 2014). An individual shall be determined to be disabled "only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

"To be eligible for disability insurance benefits, a claimant has the burden of establishing the existence of a disability under the Act." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). Judicial review of the Commissioner's decision that claimant has failed to establish by a preponderance of the evidence that he is disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole. Kamann v. Colvin, 721 F.3d 945, 950 (8th Cir. 2013).

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might find it adequate to support the Commissioner's conclusions." Draper v. Colvin, 779 F.3d 556, (8th Cir. 2015) (internal quotations omitted) (*quoting* Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2007)). "We consider both evidence that detracts from the ALJ's decision, as well as evidence that supports it, but we will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ." McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (internal citations omitted). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

> The ALJ used the familiar five-step sequential evaluation to determine disability:
>
> > In step one, the ALJ decides whether the claimant is currently engaging in substantial gainful activity; if the claimant is working, he is not eligible for disability insurance benefits. In step two, the ALJ determines whether the claimant is suffering from a severe impairment. If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. At the third step, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in Appendix 1 of the regulations (the "listings"). If the claimant's impairment meets or equals one of the listed impairments, he is entitled to benefits; if not, the ALJ proceeds to step four. At step four, the ALJ determines whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. If the claimant remains able to perform that past relevant work, he is not entitled to disability insurance benefits. If he is not capable of performing past relevant work, the ALJ proceeds to step five and considers whether there exist work opportunities in the national economy that the claimant can perform given his or her medical impairments, age, education, past work experience, and RFC. If the Commissioner demonstrates that such work exists, the claimant is not entitled to disability insurance benefits.

McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011) (internal C.F.R. citations omitted).

The ALJ determined at step one that plaintiff had not engaged in substantial gainful activity since February 16, 2012, although he acknowledged that she attempted to work until mid-July 2012.

At step two, the ALJ determined that plaintiff's cervical and lumbar disc disease, thyroid disorder and history of migraine headaches represent severe impairments that more than minimally interfere with her ability to engage in basic work activities. The ALJ rejected any

2

contention that plaintiff's lupus-like symptoms, claimed peripheral neuropathy, bilateral carpal tunnel syndrome, and depression or anxiety represent severe impairments.

At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment.

"Prior to step four, the ALJ must assess the claimant's residual functioning capacity ("RFC"), which is the most a claimant can do despite her limitations." Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009).

> At this stage, the ALJ must determine the claimant's residual functional capacity (RFC), that is, what she can still do physically even with her impairments, and also the claimant's age, education, and relevant work experience—the latter three findings being referred to as vocational factors, as opposed to RFC, which is a medical factor.

Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010).

The ALJ determined that plaintiff has the residual functional capacity to perform light work with some restrictions. Although the medical records showed she has medically determinable impairments, the ALJ rejected plaintiff's claimed intensity, persistence, and the limiting effects of her symptoms. He opined that her inconsistent reports of pain were patently out of proportion to the objective findings and were therefore not credible. He opined that "the record is fundamentally devoid of objective findings supportive of the proposition that she could not perform some light level work on a sustained and reliable basis within the parameters of the RFC established."

> Although an ALJ may reject a claimant's subjective allegations of pain and limitation, in doing so the ALJ "must make an express credibility determination detailing the reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Burress v. Apfel, 141 F.3d 875, 880-81 (8th Cir. 1998). "Polaski requires the ALJ to consider: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Baumgarten v. Chater, 75 F.3d 366, 368 (8th Cir. 1996) (*citing* Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995)." Burress v. Apfel, 141 F.3d at 881 n. 10. The ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints . . . The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* "The ALJ [is] not required to discuss methodically each Polaski consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." McDade v. Astrue, 720 F.3d at 998 (*quoting* Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000)).

The ALJ did consider the foregoing factors, although not by specifically naming the Polaski factors. The ALJ found that the plaintiff's subjective complaints of pain are not credible.

At step four, the ALJ determined that plaintiff was unable to perform her past relevant work as a direct support specialist or nurse assistant because those jobs were too demanding. He determined that she was unable to perform her past relevant work as a cashier because it involves extensive communication with the public, which would be impeded by her slower communication level.

Since the ALJ determined that plaintiff could not return to her past relevant work, the burden shifted to the Commissioner to show that plaintiff retains the residual functional capacity to perform other work that exists in significant numbers in the national economy. Moore v. Astrue, 572 F.3d at 523. The ALJ determined at step five that plaintiff has the residual functional capacity to perform light work with some restrictions and such work exists in significant numbers in the national economy.

Plaintiff contends that the ALJ erred in failing to discuss and consider her non-severe impairments of lupus, depression, anxiety, panic, and chronic pain syndrome in determining her residual functional capacity assessment. The ALJ is not required to incorporate non-severe impairments in the residual functional capacity assessment or in the hypothetical posed to the vocational expert where the record does not show that there are any limitations caused by the non-severe impairments. Hilkemeyer v. Barnhart, 380 F.3d 441, 447 (8th Cir. 2004).

Plaintiff contends that the ALJ erred in rejecting the opinion of plaintiff's treating physicians and gave deference to two non-treating, non-examining consultants in determining her functional capacity.

4

> Generally, an ALJ is obliged to give controlling weight to a treating physician's medical opinions that are supported by the record. *See* Randolph v. Barnhart, 386 F.3d 835, 839 (8th Cir.2004); 20 C.F.R. § 404.1527(d)(2). A medical source opinion that an applicant is "disabled" or "unable to work," however, involves an issue reserved for the Commissioner and therefore is not the type of "medical opinion" to which the Commissioner gives controlling weight. *See* Stormo, 377 F.3d at 806 ("[T]reating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant cannot be gainfully employed, because they are merely opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner." (internal marks omitted)); 20 C.F.R. § 404.1527(e)(1). Further, although medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2). Thus, to the extent that the ALJ discredited [the treating physician's] conclusion that [plaintiff] could not work, he rightly did so.
>
> The Commissioner defers to a treating physician's medical opinions about the nature and severity of an applicant's impairments, including symptoms, diagnosis and prognosis, what an applicant is capable of doing despite the impairment, and the resulting restrictions. 20 C.F.R. 404.1527(a)(2). "A treating physician's opinion is due 'controlling weight' if that opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.' " Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir.2001) (*quoting* Prosch v. Apfel, 201 F.3d 1010, 1012-13 (2000)).

Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005).

> "'[A] treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" *Goff*, 421 F.3d at 790 (*quoting* Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir.2005) (internal marks omitted)). "'A treating physician's opinion does not automatically control, since the record must be evaluated as a whole.' " *Id.* (*quoting* Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir.1995) (internal marks omitted)). "An ALJ may 'discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Id.* (*quoting* Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir.2000)).

Medhaug v. Astrue, 578 F.3d 805, 815 (8th Cir. 2009).

> "[T]he hearing examiner need not adopt the opinion of a physician on the ultimate issue of a claimant's ability to engage in substantial gainful

5

> employment." Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir.1998) (internal quotations and citations omitted). Likewise, while a treating physician's opinion is generally entitled to "substantial weight," such an opinion does not "automatically control" because the hearing examiner must evaluate the record as a whole. Wilson v. Apfel, 172 F.3d 539, 542 (8th Cir.1999). "It is well established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." Prosch v. Apfel, 201 F.3d 1010, 1013-14 (8th Cir.2000). "Moreover, an ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence." Id. at 1014 (internal quotations and citations omitted).
>
> "When one-time consultants dispute a treating physician's opinion, the ALJ must resolve the conflict between those opinions." Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir.2000). "As a general matter, the report of a consulting physician who examined a claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." Id. (internal quotations and citations omitted). This court, however, has recognized two exceptions to this general rule:
>
>> We have upheld an ALJ's decision to discount or even disregard the opinion of a treating physician (1) where other medical assessments are supported by better or more thorough medical evidence, or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.
>
> Id. (internal quotations, alterations, and citations omitted).

Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007).

There are ample medical records, including emergency room visits for migraines and low back pain radiating into the legs, to document that plaintiff may have continued to experience pain and seek treatment for pain from her neurosurgeon as well as from a specialist in pain medicine. The medical records show that plaintiff suffers from a bulging lumbar disk and degenerative disk disease. Steroid injections failed to provide long term relief. "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." Perkins v. Astrue, 648 F.3d 892, 900 (8th Cir. 2011) (*quoting* Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996)). In this case, both of plaintiff's treating physicians opined that, due to pain, plaintiff was unable to work eight hours a day, five days a week. Both physicians

6

stated that plaintiff would be required to lie down several hours between periods of standing and sitting.

As set forth previously, the ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." Polaski v. Heckler, 739 F.2d at 1332. In the present case, the objective medical evidence does support the extent of plaintiff's claimed complaints of pain. The ALJ rejected plaintiff's subjective complaints based upon the fact that the residual functional capacity assessment performed by two state experts did not support the plaintiff's claims of pain. However, those reports were based upon a records review only. Neither expert actually examined plaintiff or did any physical testing to determine her physical limitations.

If the report of a consulting physician who examined a claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician, then the reports of physicians who conducted a records review only cannot constitute substantial evidence as a whole.

The ALJ failed to specifically find that the plaintiff can work full time as required in Bladow v. Apfel, 205 F.3d 356 (8th Cir. 2000). In Bladow, the Eighth Circuit discussed Kelly v. Apfel, 185 F.3d 1211 (11th Cir. 1999), which noted that it is the Commissioner's position that "only an ability [on the part of the claimant] to do full-time work will permit the ALJ to render a decision of not disabled." *Id.* at 1214. Apparently, the Commissioner's policy interpretation was based upon Social Security Ruling (SSR) 96-8p, which provides that residual functional capacity "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Bladow, 205 F.3d at 359.

There was no finding in this case that the plaintiff could work an eight hour day five days a week as described in and required by Bladow. Both of her treating physicians opined that she could not work eight hours a day (unless that eight hour shift were separated by several hour long periods of lying down).

I find there is not substantial evidence in the record as a whole to support the Commissioner's decision that the plaintiff is capable of performing light work full time.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 12, to reverse the decision of the Commissioner is granted.

2. Defendant's motion, Doc. 14, to affirm the decision of the Commissioner is denied.

3. The decision of the Commissioner is reversed and remanded for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of March, 2017.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge