
FILED
MAR 13 2018

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| CHARNELL S. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>Defendant. | 1:15-CV-01313-CBK<br><br>ORDER |

Plaintiff filed an appeal from the Commissioner's decision that she was not disabled within the meaning of the Social Security Act. I reversed the decision and remanded for rehearing. Plaintiff filed a motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), seeking an award of $9,102.06, representing 49.5 hours of attorney time at a rate of $183.88 per hour. The Commissioner does not object to the payment of attorney fees but does object to the number of hours for which counsel seeks compensation. The Commissioner suggests that an award of no more than 35 billable hours is appropriate in this case.

In calculating a reasonable attorney fee under the EAJA, we begin by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) (analyzing fees under 42 U.S.C. § 1988 but cited with approval in EAJA cases by Premachandra v. Mitts, 272 F.2d 717, 732 (8th Cir. 1984)).

> The district court . . . should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

Hensley v. Eckerhart, 461 U.S. at 434, 103 S. Ct. at 1939–40. The district court has discretion in determining the amount of a fee award but must "provide a concise but clear explanation of its reasons for the fee award." *Id.* at 437, 103 S.Ct. at 1941.

The Commissioner argues in this case, as it has in almost every social security disability case wherein the Commissioner objects to the amount of attorney's fees requested, that 20 – 40 hours is the average amount of time reasonably expended. District courts in the Second Circuit generally hold that 20 – 40 hours is a reasonable expenditure of counsel time for routine social security cases. Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D. N.Y. 2014) (citing cases).

> However, "[a]ttorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award." Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.

*Id.* (internal citations omitted). However, a review of recent cases in the District of South Dakota belies the Commissioner's claim. *See* Long v. Colvin, 2013 WL 5701640 (D.S.D. 2013), Schreier, District Judge (63.9 hours were reasonably expended on a 1,013 page record); Jones v. Astrue, 2013 WL 441907 (D.S.D. 2013), Viken, Chief Judge (83.07 hours were reasonably expended); Hansen v. Colvin, 2014 WL 4114348 (D.S.D. 2014), Schreier, District Judge (68.69 hours reasonably expended on an 837 page record); Colhoff v. Colvin, 2015 WL 751321 (D.S.D. 2015), Viken, Chief Judge (63.4 hours reasonably expended); Ritter v. Berryhill, 2017 WL 5634869 (D.S.D. 2017), Viken, Chief Judge (54 hours were reasonably expended on a 1,394 page record); Stickler v. Berryhill, 2017 WL 4792220 (D.S.D. 2017), Viken, Chief Judge (74.5 hours were reasonably expended on a 700 page record deemed "slightly longer than average"); and Lays Hard v. Berryhill, 2017 WL 4797797 (D.S.D. 2017), Viken, Chief Judge (75.24 hours were reasonably expended on a 1077 page record).

In this case, the administrative record was 714 pages. Counsel did not represent plaintiff during administrative proceedings so counsel was required to review the file in detail in order to determine whether an appeal was justified by the facts and the law and to prepare the opening brief. Counsel researched and prepared 31 pages of briefs in support of the appeal.

The Court has reviewed the billing records and finds that the 49.5 hours of compensable time requested was reasonably expended. The Commissioner does not object to the rate of $183.88 per hour. Thus, plaintiff is entitled to $9,102.06 in attorney's fees. Counsel is

2

employed by Disability Rights South Dakota, formerly known as South Dakota Advocacy Services, a non-profit corporation which is exempt from sales tax. Plaintiff seeks no costs.

Plaintiff has signed an affidavit assigning any entitlement she may have in an award of EAJA fees to her attorney. However, pursuant to Astrue v. Ratliff, 560 U.S. 586, 596, 130 S. Ct. 2521, 2528, 177 L. Ed. 2d 91 (2010), an award of attorney's fees under the EAJA is payable to the plaintiff "and thus subject to offset where the litigant has relevant federal debts." Defendant does not object to the request that fees be paid directly to counsel for plaintiff pursuant to the affidavit of assignment if there is no debt subject to offset.

Based upon the foregoing,

IT IS ORDERED that plaintiff's motion, Doc. 24, for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted. Plaintiff is awarded $9,102.06 representing 49.5 hours of attorney time at the rate of $183.88 per hour.

It is further ORDERED that the foregoing award is subject to offset for any pre-existing debt plaintiff owes to the United States. After deducting any debt subject to offset, defendant shall pay the EAJA fees directly to counsel for the plaintiff.

DATED this 13th day of March, 2018.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge